IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LIDIA G. BISTRIKA,

        Plaintiff,

                                  3:13-CV-61-PK

                                  FINDINGS AND
v.                                RECOMMENDATION

OREGON EMPLOYMENT DEPARTMENT

        Defendant.

PAPAK, Magistrate Judge:

        Plaintiff *pro se* Lidia Bistrika filed this action against defendant Oregon Employment Department (the "Department") on January 14, 2013. Although Bistrika's complaint is not a model of clarity, and it is difficult to ascertain the precise nature of the claim or claims she intends to assert against the Department, it is reasonably clear that her claim or claims arise in connection with efforts by the Department to recoup unemployment benefits that it paid out to

Page 1 - FINDINGS AND RECOMMENDATION

her in error. Bistrika takes the position that this court may properly exercise subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, based on a federal question purportedly arising out of her claim or claims.

Now before the court is the Department's motion (#20) to dismiss Bistrika's claims pursuant to Federal Civil Procedure Rule 12(b)(1) for lack of subject-matter jurisdiction. I have considered the motion and all of the papers and pleadings on file. For the reasons set forth below, the Department's motion should be granted, and Bistrika's claim or claims should be dismissed with prejudice.

## LEGAL STANDARD

The federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005), *citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As such, the courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also, e.g., Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

A motion under Federal Civil Procedure Rule 12(b)(1) to dismiss for lack of subject-matter jurisdiction may be either "facial" or "factual." *See Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *citing White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack on subject-matter jurisdiction, the moving party asserts that a plaintiff's allegations are insufficient on their face to invoke federal jurisdiction, whereas in a factual attack, the moving party disputes the factual allegations that, if true, would give rise to subject-matter jurisdiction. Where a defendant raises a facial challenge to subject-matter jurisdiction, the factual allegations

Page 2 - FINDINGS AND RECOMMENDATION

of the complaint are presumed to be true, and the motion may be granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). By contrast, where a defendant raises a factual challenge to federal jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," *Safe Air v. Meyer*, 373 F.3d at 1039, *citing Savage*, 343 F.3d at 1040 n.2, and "need not presume the truthfulness of the plaintiff's allegations," *id.*, *citing White*, 227 F.3d at 1242.

"Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts." 28 U.S.C. § 1653. It is improper to dismiss an action based on a defective allegation of jurisdiction without leave to amend "unless it is clear, upon de novo review, that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002), *citing Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001).

## ANALYSIS

The Department moves for dismissal of Bistrika's claim or claims against it for lack of subject-matter jurisdiction, arguing that under the doctrine of sovereign immunity of which the Eleventh Amendment is a partial codification, it, as an agency of the State of Oregon, may not be sued without its consent, which has not here been provided. Despite having been afforded an opportunity to respond to the Department's motion, Bistrika has filed no opposition, although she apparently has not abandoned her action.

I agree with the Department. It is well established that a state government or governmental body cannot be sued without its consent:

> That a State may not be sued without its consent is a fundamental rule of

> jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that *the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given*: not one brought by citizens of another State, or by citizens or subjects of a foreign State, because of the Eleventh Amendment; and not even one brought by its own citizens, because of the fundamental rule of which the Amendment is but an exemplification.

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984) (emphasis original), quoting *Ex parte State of New York*, 256 U.S. 490, 497 (1921); *see also, e.g., id.* at 99, n.8 ("The limitation deprives federal courts of any jurisdiction to entertain such claims. . . ."); *Quillin v. Oregon*, 127 F.3d 1136, 1138 (9th Cir. 1997) ("in the absence of a waiver by Oregon of its Eleventh Amendment immunity, federal courts lack jurisdiction to review" claims against it).

There is no evidence or indication that Oregon has waived its immunity to permit suits such as Bistrika's to proceed against it. In consequence, the Department's motion should be granted, and Bistrika's claim or claims should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the Department's motion (#20) to dismiss for lack of subject-matter jurisdiction should be granted, and Bistrika's claim or claims should be dismissed with prejudice. Final judgment should be prepared.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a

copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 28th day of May, 2013.

Honorable Paul Papak
United States Magistrate Judge